IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Eugene Division

| | |
|---|---|
| LORINDA HERGENRADER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAROLYN W. COLVIN, Acting ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) | 6:14-CV-01997-JO <br><br> OPINION AND ORDER |

JONES, J.,

Plaintiff Lorinda Hergenrader appeals the Commissioner's decision denying her application for disability insurance benefits under Title II of the Social Security Act. The court has jurisdiction under 42 U.S.C. § 405(g). I AFFIRM the Commissioner's decision.

## PRIOR PROCEEDINGS

Hergenrader alleged she became disabled in April 2005 from the combined effects of osteoarthritis, degenerative joint disease, fibromyalgia, depression, and anxiety. Admin. R. 19-22, 155. The ALJ applied the sequential disability determination process described in 20 C.F.R. §404.1520. *See Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). The ALJ found that Hergenrader's ability to work was limited by osteoarthritis, fibromyalgia, degenerative joint disease at the base of the left thumb, and right foot pain. Admin. R. 20. The ALJ found that, despite her impairments, Hergenrader retained the residual functional capacity ("RFC") to perform sedentary work, with the

option to sit or stand and limited climbing, exposure to hazards, and manipulating and fingering with the right hand. Admin. R. 22.

The ALJ compared Hergenrader's RFC with the physical and mental demands of her previous job as an office manager and found that her RFC did not preclude her from performing that work as she had in the past. Admin. R. 25. In addition, the vocational expert ("VE") testified that Hergenrader's RFC did not preclude her from performing the tasks of an office manager as that occupation is typically performed in the national economy. Admin. R. 25, 62. The ALJ concluded that Hergenrader failed to show that she was disabled within the meaning of the Social Security Act. Admin. R. 25.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings of fact are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Under this standard, the Commissioner's factual findings must be upheld if supported by inferences reasonably drawn from the record even if evidence exists to support another rational interpretation. *Batson*, 359 F.3d at 1193; *Andrews v. Shalala*, 53 F.3d 1035, 1039-40 (9th Cir. 1995).

## DISCUSSION

### I.   Claims of Error

The claimant bears the burden of showing that the ALJ erred and that any error was harmful. *McLeod v. Astrue*, 640 F.3d 881, 886-87 (9th Cir. 2011). Hergenrader contends the ALJ improperly discredited her subjective statements, the opinion of Patrick Radecki, M.D. regarding her limitations in mental functions, fingering, and manipulation, the recommendation of a physician assistant that

she limit the time spent filing documents in an office setting, and letters from three lay witnesses. Hergenrader contends these errors were harmful because they prevented the ALJ from properly considering all of her limitations, considering her mental and physical impairments in combination, and assessing her RFC. She contends that this led the ALJ to err in his RFC determination and incorrectly conclude that she could perform her past relevant work.

## II.     **Credibility Determination**

In her disability application, Hergenrader alleged that she was unable to perform sedentary work because she could not stand or sit for two or more hours at a time, lift and carry ten or more pounds, grasp adequately with her right hand, and work without resting intermittently throughout the day. Admin R. 20, 210-11.

The ALJ accepted some of Hergenrader's subjective statements. The ALJ believed that Hergenrader's medically determinable impairments could cause some of the alleged symptoms she described. Admin. R. 22. For example, the ALJ limited her to sedentary work with a sit/stand option and excluded working at heights or around moving machinery to accommodate her asserted limitations in lifting and standing due to pain. The ALJ found Hergenrader's statements less than fully credible only insofar as she suggested that her symptoms were so debilitating that they left her unable to perform work within the limitations of the RFC assessment. Admin. R. 23.

The ALJ found that Hergenrader's impairments could reasonably produce some degree of the symptoms she alleged. He did not identify affirmative evidence of malingering. Under such circumstances, an ALJ must assess the claimant's credibility regarding the severity of her symptoms. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). An adverse credibility determination must include specific findings supported by substantial evidence and clear and convincing reasons.

*Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008); *Smolen v. Charter*, 80 F.3d 1273, 1281-82 (9th Cir. 1996). The findings must be sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008).

In assessing credibility, an ALJ must consider all the evidence in the case record, including the objective medical evidence, the claimant's treatment history, medical opinions, daily activities, work history, the observations of third parties with knowledge of the claimant's functional limitations, and any other evidence that bears on the consistency and veracity of the claimant's statements. *Tommasetti*, 533 F.3d at 1039; *Smolen*, 80 F.3d at 1284; Social Security Ruling ("SSR") 96-7p, 1996 WL 374186 at *5.

The ALJ's decision demonstrates that he considered all the evidence relating to the proper factors for evaluating credibility. He discussed the findings of Dr. Joshua Mitnick, a podiatrist who found that the musculoskeletal pain in Hergenrader's right foot was not debilitating. Admin. R. 23. A MRI study of Hergenrader's foot showed only a mild benign outgrowth of cartilage without signs of fracture or other abnormalities. Admin R. 349. Thereafter, Dr. Mitnick found that Hergenrader's foot pain had improved leaving only mild tenderness on palpation without other acute abnormalities. Admin. R. 347. Medical improvement from treatment supports an adverse inference as to the credibility of a claim of ongoing disability. *Morgan v. Comm'r of Soc. Sec.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998).

The ALJ also discussed the physical examination performed by Dr. Radecki in May 2011. Admin. R. 23, 326. Hergenrader complained of hip pain, problems gripping with the right index finger, and problems walking due to pain in her right foot. Admin. R. 326. Dr. Radecki found that

Hergenrader' right hip had a normal range of motion relative to the left hip which had no symptoms. Admin R. 328. He suggested Hergenrader exaggerated her symptoms because "she really had no pain behavior when her husband was out of the room . . . but when her husband was in the main waiting room the claimant seemed to put on the pain behavior." Admin. R. 329-30. The ALJ reasonably found this evidence of exaggerated symptoms reflected adversely on Hergenrader's credibility.

As the ALJ noted, Dr. Radecki found "no evidence that there is some disease that would prevent her from doing a combination of sitting and standing eight hours a day . . . ." Admin. R. 23, 333. Dr. Radecki noted that Hergenrader was able to move around the room without difficulty other than a slight limp. Admin. R. 329. Although Dr. Radecki acknowledged subjective pain in Hergenrader's right index finger, he found no limitations on Hergenrader's keyboarding ability. Admin. R. 23, 333. The ALJ made specific findings based upon Dr. Radecki's assessment. Admin. R. 23. Where the ALJ makes specific findings that justify the decision to disbelieve a claimant's subjective allegation of excess pain, it is not the province of the court to second-guess the decision. *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989).

The ALJ also considered a psychodiagnostic examination performed by Daniel Scharf, Ph.D. in December 2011. Admin. R. 24. Dr. Scharf found that Hergenrader was articulate, easily understandable, logical, and goal oriented. Admin. R. 367. Dr. Scharf determined that the "significant cognitive problems" that Hergenrader claimed "were not evident on interview and mental status examination." Admin. R. 368. An ALJ may reasonably discount a claimant's subjective claims that conflict with the clinical findings. *Morgan*, 169 F.3d at 598; *Swanson v. Sec'y of Health & Human Servs.*, 763 F.2d 1061, 1065 (9th Cir. 1985).

-5- OPINION AND ORDER

The ALJ also considered Hergenrader's daily activities, noting that she acted as the care giver for her mother-in-law, participated in a vocational rehabilitation program, cooked with her husband, and performed self-care activities. Admin. R. 22-24. While these activities are not equivalent to full-time employment, they show Hergenrader was capable of a range of sedentary activities and support the ALJ's conclusion that she could perform activities similar to those required in sedentary office work. The ALJ's findings are supported by substantial evidence in the record and are sufficiently specific for me to conclude that the ALJ did not arbitrarily discount Hergenrader's credibility. *Tommasetti*, 533 F.3d at 1039; *Carmickle*, 533 F.3d at 1160.

### III. Medical Opinions

In May 2011, Dr. Radecki found some osteoarthritic changes in the PIP joint of Hergenrader's right index finger. Admin. R. 326. He opined that these changes were not disabling and that she could keyboard without hesitation despite pain in the finger. Admin. R. 327, 329, 333. Dr. Radecki's said, "I would say her osteoarthritis of her right index finger does not limit her from keyboarding, at least occasionally" and "[i]f she had to keyboard constantly, it might be a bit of a problem but really there is not much flexion needed to keyboard with the index finger." Admin. R. 333. Hergenrader contends Dr. Radecki's statement contradicted the ALJ's finding that Hergenrader could perform frequent handling and fingering. Pl.'s Br. 11.

The claimant has the burden of proving the existence and severity of her impairment. *Smolen*, 80 F.3d at 1289. At step four, a claimant must show she can no longer perform her past relevant work. *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001); *Mayes v. Massanari*, 276 F.3d 453, 460 (9th Cir. 2001). Hergenrader argues that Dr. Radecki's statement shows that she cannot keyboard or do other fine manipulation frequently, as the ALJ found in his RFC assessment.

This argument cannot be sustained because Dr. Radecki did not use the word "occasionally" to *limit* Hergenrader to occasional keyboarding. Instead, Dr. Radecki indicated the minimum she could do. Admin. R. 333. Accordingly, Dr. Radecki's opinion does not foreclose frequent keyboarding and is insufficient to meet Hergenrader's burden of proving she cannot keyboard frequently.

Furthermore, Dr. Radecki's opinion only addressed Hergenrader's keyboarding ability with one of her fingers. Admin. R. 333. He did not address her ability to handle and finger generally or to compensate for the pain in her index finger by using other fingers. The ALJ reasonably concluded that Dr. Radecki's assessment does not show that Hergenrader would be precluded from frequent handling and fingering.

Hergenrader further contends that the ALJ erred by failing to include in his RFC assessment that Hergenrader required a cane. Pl.'s Br. 12. Dr. Radecki suggested that if Hergenrader's problems in her right foot were truly as bad as she claimed, she could use a cane. Admin. R. 333. This statement could reasonably be interpreted to suggest that Dr. Radecki doubted Hergenrader was as limited as she claimed, based on her ability to ambulate without a cane. It cannot reasonably be interpreted, as Hergenrader urges, as a medical finding that she would require a cane to perform activities consistent with the limitations in her RFC. Indeed, the record is devoid of medical documentation indicating that a cane is medically necessary to aid Hergenrader in walking or standing. SSR 96-9P, 1996 WL 374185. The ALJ considered Dr. Radecki's comments regarding the use of a cane and gave them proper weight. Admin. R. 23. I find no error in the ALJ's evaluation of Dr. Radecki's opinion.

Hergenrader contends that the ALJ erred because he failed to address a letter from her physician's assistant Ms. Glavor to an unidentified work supervisor. Pl. Br. 12. Ms. Glavor recommended that the supervisor limit the amount of filing Hergenrader was required to do during a work day due to reported pain from arthritis in her hands. Admin. R. 609. The ALJ did not err by failing to discuss Ms. Glavor's letter, which was dated after the ALJ issued his decision. Admin R. 25, 609. An ALJ cannot be accused of error for failing to address evidence that did not exist when he issued his decision.

Ms. Glavor's letter was presented first to the Appeals Council, which found that it provided no basis to change the ALJ's decision. Admin. R. 2. Under these circumstances, the district court must review the entire record, including the additional materials submitted to the Appeals Council in determining whether the Commissioner's decision is supported by substantial evidence. *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012); *Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000); *Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993).

I conclude that Ms. Glavor's letter does not undermine the evidentiary basis of the ALJ's decision. First, the letter is simply a recommendation that Hergenrader be permitted intermittent breaks while filing; it is not a medical finding about specific functional limitations. Such recommendations need not be incorporated into an RFC assessment. *Carmickle*, 533 F.3d at 1165. In addition, Ms. Glavor's one-sentence recommendation is not supported by objective or clinical findings. Unsupported, conclusory opinions need not be incorporated into an RFC assessment. *Meanal v. Apfel*, 172 F.3d 1111, 1117 (9th Cir. 1999). In the absence of clinical findings, it is reasonable to infer that Ms. Glavor premised her recommendation on Hergenrader's subjective report of pain. The ALJ's credibility determination suggested that such subjective reporting should be

-8- OPINION AND ORDER

given limited weight. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th cir 2001) (Medical opinions premised on claimant's discredited subjective statements are no more credible than the statements on which it was based).

## V.    Lay Witness Statement

The ALJ considered a letter submitted by Ms. Sunderland, an employment specialist who worked with Hergenrader. Admin. R. 24. Ms. Sunderland said that Hergenrader told her that Hergenrader had anxiety when driving, which limited her ability to look for work. She also said worsening symptoms in Hergenrader's hands made office work less of an option for her. Admin. R. 291.

An ALJ must consider the statements of a lay witness, and must give reasons germane to the witness, for discounting the statements. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009). An ALJ need not clearly link the reasons to his determination that the lay witness statement should be discounted, as long as he notes germane reasons somewhere in the decision and they are supported by substantial evidence. *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001).

The ALJ discounted Ms. Sunderland's letter because it was based entirely on Hergenrader's self-reporting which, as discussed above, he found not fully credible. When an opinion is premised on subjective statements, that opinion is no more reliable than the subjective statements which it relies on. *Tonapetyan*, 242 F.3d at 1149. An ALJ can properly disregard an opinion based on subjective statements when the ALJ has already discounted those subjective statements. *Fair*, 885 F.2d at 605.

The ALJ also found that Hergenrader's mental health treatment history and the evaluation by Dr. Scharf did not establish significant functional limitations from anxiety. Similarly, the ALJ

-9- OPINION AND ORDER

found the medical records and Hergenrader's activities suggested she could engage in frequent fingering and handling, despite her manipulative deficits. Admin. R. 24. This reasoning provides an adequate basis, supported by substantial evidence, for the ALJ's evaluation of Ms. Sunderland's letter.

Hergenrader next contends the ALJ silently disregarded lay witness statements from her husband, Mr. Hergenrader, and her friend, Ms. Negron. Pl.'s Br. 17. The ALJ considered Mr. Hergenrader's and Ms. Negron's statements that Hergenrader had pain in her right foot and difficulty sleeping, using her right index finger, and performing household chores. Admin. R. 22-24. The ALJ did not find these statements inconsistent with his RFC assessment. The ALJ discussed the limiting effects of all of the alleged symptoms described by these lay witnesses in his discussion of the medical evidence and Hergenrader's credibility. Admin. R. 22-24. Accordingly, the ALJ did not reject or ignore the lay witness statements and was not required to articulate reasons for doing so.

If the ALJ discredited these lay witness statements at all, it was only insofar as they suggested that her impairments were so limiting that they would preclude Hergenrader from sedentary office work with the option to sit or stand. The ALJ's discussion of Hergenrader's credibility and his evaluation of the medical evidence provide germane reasons for this conclusion supported by substantial evidence. In particular, the ALJ's discussion of the record as a whole supports his finding that Hergenrader retains the capacity to handle and finger frequently and to alternate standing and sitting for eight hours, despite her limitations. Admin. R. 23, 332-33. This reasoning provides an adequate basis for the ALJ's evaluation of the lay witness statements. *Valentine*, 574 F.3d at 694; *Lewis*, 236 F.3d at 512.

Even if the lay witness statements could be interpreted differently, in a manner more favorable to Hergenrader, the court must uphold the ALJ's interpretation because it is supported by inferences reasonably drawn from the record. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012); *Batson*, 359 F.3d at 1193; *Andrews*, 53 F.3d at 1039-40.

### VI. Impairments in Combination

Hergenrader's argument that the ALJ failed to take into account her multiple impairments in combination has no merit. The ALJ's decision reflects that he considered the combined effects of all of Hergenrader's impairments, symptoms, and functional limitations. Admin. R. 21-25. The ALJ considered all of Hergenrader's allegations of functional limitations and accounted for all the evidence she presented of functional limitations. In doing so, the ALJ properly considered the combined effects of her impairments. Hergenrader did not identify any functional limitation arising from the combination of her impairments or side effects of medications that the ALJ failed to address. The ALJ based the RFC assessment on the evidence he found credible. I find no error.

### CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED.

DATED this 10th day of March 2016.

Robert E. Jones, Senior Judge
United States District Court

-11- OPINION AND ORDER